IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.  06-CR-00225-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

PEDRO SANTIZO-ESCALANTE,

      Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

      This matter is before the court for detention hearing on June 26, 2006.  The court has taken judicial notice of the court's file and the pretrial services report.  The defendant is not contesting detention.

      In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.  The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

      If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

      The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

      (1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

      (2)    the weight of the evidence against the person;

      (3)    the history and characteristics of the person, including –

    (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file, and have considered the proffer submitted by defense counsel and the arguments of counsel. I further note that during the detention hearing on June 26, 2006, defense counsel stated that his/her client would not challenge the United States' request for detention, based upon a detainer which BICE had placed on the defendant. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment with the following offense. In count 13 with Possession of False Alien Registration Card in violation of 18 U.S.C. § 1546(a), in count 14 with False Use of a Social Security Number in violation of 42 U.S.C. § 408(a)(7)(B), and in count 15 with Possession and Use of the Identification of Another, to wit: an Alien Registration Card in violation of 18 U.S.C. § 1028A(a)(1)(c)(7)(11). Based upon the Indictment, I find probable cause exists that the defendant committed the charged offenses.

Second, I find that the defendant is in the United States illegally. There is an BICE detainer that has been lodged against the defendant. The defendant's employment status is unknown and the time he has been in Colorado is unknown. The defendant is subject to deportation.

In light of these facts and the defendant's immigration status, I find, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant. Accordingly, I order that the defendant be detained without bond.

Done this 26th of June 2006.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge